# EXHIBIT B

(Class Action Settlement Agreement)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-24339-FAM

ASHLEY JOHNSON, individually
and on behalf of all others
similarly situated,

       Plaintiff,

v.

McDONALD'S CORPORATION,

       Defendant.

_____/

## CLASS ACTION SETTLEMENT AGREEMENT

Named Plaintiff, Ashley Johnson ("Named Plaintiff") and McDonald's Corporation, ("Defendant") (collectively the "Parties"), enter into this Class Action Settlement Agreement (the "Agreement")[1] to resolve all claims in this Action, subject to the approval of the Court.

**I.**     **Recitals.**

    1.     Named Plaintiff filed suit against Defendant on December 15, 2021, and, after Defendant filed a Motion to Dismiss, Named Plaintiff filed an Amended Complaint on February 18, 2022. Defendant filed a Motion to Dismiss the Amended Complaint on March 8, 2022. Named Plaintiff responded, and Defendant filed a reply brief. The action is brought on behalf of all participants and beneficiaries in the Plan who, in the four years preceding the filing of the complaint through the present, received allegedly statutorily deficient COBRA notices under ERISA § 606, 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, and who did not elect COBRA

---

[1] Other capitalized terms are defined in Section II below.

coverage. As a result of the aforementioned violations, the Amended Complaint seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief.

2.     Both sides served extensive written discovery prior to engaging in settlement discussions. More specifically, Plaintiff served requests for production, interrogatories, and a Fed.R.Civ.P. 30(b)(6) notice on Defendant on March 31, 2022. Defendant, in turn, served on Plaintiff requests for production, interrogatories, and requests for admission on April 13, 2022. Both sides provided written responses to the other side's discovery requests, and also served document productions on each other that collectively included over 2,200 documents. In terms of depositions, Plaintiff's counsel deposed McDonald's corporate representative on June 1, 2022 and , Defendant's counsel deposed Plaintiff on June 16, 2022.

3.     After completing extensive discovery efforts, the Parties participated in an all-day mediation with highly-respected class action mediator, Carlos J. Burruezo.

4.     Defendant expressly denies that it has engaged in any wrongdoing, denies that the COBRA Notice at issue is deficient, and denies any violation of COBRA, ERISA, or any other law. By entering into this Agreement, Defendant does not admit or concede any fault or liability in connection with any facts or claims that have been or could have been alleged against it in this Action. Defendant denies that it has any liability whatsoever to Named Plaintiff or any members of the Settlement Class. Defendant has entered into this Agreement in recognition of the substantial expense and burden of continued litigation, the substantial period of time required to arrive at a judicial resolution of the issues presented, and the concomitant inconvenience, distraction, and disruption to its business operations.

5.     Class Counsel (as defined in paragraph 8 below), who have substantial experience representing class representatives and prosecuting class actions, have investigated the law and facts relating to the claims asserted in the Complaint and Amended Complaint. Based on their experience in representing class representatives and litigating class action cases, Class Counsel

2

have concluded that this Settlement is fair and reasonable and in the best interests of the Settlement Class.  Class Counsel have given due consideration to the benefits of amicably resolving this case as described herein and the risks and delays associated with further litigation.

6.      Subject to the approval of the Court, the Parties propose to settle this Action on the terms set forth this Agreement.

## II.   <u>Definitions.</u>

As used in this Agreement, capitalized terms and phrases not otherwise defined have the meanings provided below:

6.      <u>Action:</u> the above-captioned action, *Johnson v. McDonald's Corporation*, Case No. 1:21-cv-24339, United States District Court, Southern District of Florida, Miami Division.

7.      <u>Agreement or Settlement:</u> this Class Action Settlement Agreement.

8.      <u>Class Counsel:</u> Luis A. Cabassa and Brandon J. Hill of Wenzel Fenton Cabassa, P.A.

9.      <u>Class Notice Date:</u> the date that Notices of Settlement are initially mailed to Settlement Class Members.

10.     <u>Class Period for the Class:</u>  December 15, 2017, to February 9, 2021.

11.     <u>Class Representative or Named Plaintiff:</u>  Ashley Johnson.

12.     <u>COBRA:</u> the Consolidated Omnibus Budget Reconciliation Act of 1985, including all regulations promulgated and applicable case law thereunder.

13.     <u>COBRA Coverage:</u> continuing health and welfare coverage provided under COBRA.

14.     <u>COBRA Notice:</u> the notice regarding the right to elect COBRA Coverage provided by or on behalf of Defendant to the Settlement Class (as defined below) in the form at issue in the

Action, a copy of which is attached as an exhibit to the Amended Complaint at Dkt. No. 16-2 and 16-3.

15.     <u>Court:</u> the United States District Court for the United States District Court, Southern District of Florida, Miami Division.

16.     <u>Deadline to Opt Out or Object:</u> the date the Court establishes as the deadline by which Settlement Class Members must postmark a written notice of their intent to opt out of the Settlement and by which any objections to the Settlement must be filed with the Court.  Unless the Court establishes a different deadline, Settlement Class Members shall have sixty (60) days after the Notice of Settlement is mailed to opt out of or object to the Settlement.

17.     <u>Defendant:</u> the named defendant in the Action, McDonald's Corporation.

18.     <u>Effective Date:</u> fourteen (14) days after the first date on which all of the following have occurred: a) Named Plaintiff and Defendant have executed this Agreement; b) the Court has issued its Preliminarily Approval Order and certifies the Settlement Class; c) the Notices of Settlement have been given to the Settlement Class Members, including providing them an opportunity to opt out or object to the Settlement; d) the Court has held a Final Approval Hearing, entered a Final Approval Order, and awarded Class Counsel their reasonable attorneys' fees and costs; and, e) only if there are written objections timely filed before the Final Approval Hearing and those objections are not withdrawn or overruled, any period for appeals, motion for reconsideration, rehearing, certiorari or any other proceeding seeking review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or if a Review Proceeding has been timely initiated, that there has occurred a full, final, and complete disposition of any such Review Proceeding, including the exhaustion of proceedings in any remand and/or subsequent appeal on remand.  If there is no written objection timely filed by a Settlement Class Member that is not withdrawn or overruled, and the events described in subparagraphs (a) through (d) above

4

have occurred, the Effective Date shall be fourteen (14) days after entry of the Court's Final Approval Order.

19.    <u>Final Approval Hearing:</u> the hearing to be conducted by the Court,  after the Court issues the Preliminary Approval of this Order, the Settlement Administrator disseminates the Notice of Settlement to the Settlement Class, and Defendant distributes the required notices under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), at which time Named Plaintiff will request (and Defendant will not oppose) the Court to finally approve the fairness, reasonableness and adequacy of the terms of this Settlement and to enter a Final Approval Order.

20.    <u>Final Approval Motion:</u> the Named Plaintiff's Unopposed Motion Seeking Final Approval of this Settlement.

21.    <u>Final Approval Order:</u> the Court's order granting final approval of this Settlement on the terms provided herein, or as the same may be modified by subsequent written mutual agreement of the Parties.

22.    <u>Gross Settlement:</u> One Hundred Fifty Six Thousand Dollars Seven Hundred Eighty Two Dollars and Fifty Cents ($156,782.50), which is the total amount that Defendant shall pay in settlement of this Action pursuant to this Agreement.

23.    <u>Net Settlement Proceeds:</u> the amount of money remaining after the Gross Settlement is reduced by the following amounts, none of which Defendant opposes:

(a)    Any award of Class Counsel's attorneys' fees up to 33.33% of the total Gross Settlement (*i.e.*, $52,260.83), plus reasonable litigation costs limited to costs defined by Federal Rule of Civil Procedure 54, but limited to no more than $5,000 total; and

(b)    Court-approved costs of the settlement administration process by the Settlement Administrator, including but not limited to distribution of the Notices of Settlement to Settlement Class Members (estimated to be between $30,000 to $40,000).

5

24.     <u>Notice of Settlement:</u> the Notice of Class Action Settlement and Hearing approved by the Court in its Preliminary Approval Order, the short form of which the Settlement Administrator shall send to the Settlement Class Members by first-class U.S. Mail. The proposed short form notice is attached hereto as Exhibit 1 and the proposed long form notice, to be posted on the settlement website created by the Settlement Administrator, is attached as Exhibit 2. Exhibits 1 and 2 will be submitted to the Court for approval as part of Named Plaintiff's Preliminary Approval Motion.

25.     <u>Parties:</u> Named Plaintiff, the putative Settlement Class, and Defendant.

26.     <u>Plan</u>: McDonald's Corporation Health Plan

27.     <u>Preliminary Approval Motion:</u> Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.

28.     <u>Preliminary Approval Order:</u> the Court's Order preliminarily approving this Settlement on the terms provided herein, or as the same may be modified by subsequent written mutual agreement of the Parties.

29.     <u>Released Parties:</u> (i) Defendant; (ii) Defendant's current and former third party COBRA administrators; (iii) Defendant's third party administrators and claims administrators; (iv) any entity that was involved in any way with the drafting or delivery of the COBRA Notice as defined herein; (v) the Plan and Defendant's benefit plans, sponsors, and fiduciaries; and (vi) for each of the entities identified in subparts (i) through (v), their affiliates, parent companies, subsidiaries, predecessors, successors, corporate family members, officers, directors, partners, employees, attorneys, agents, administrators, insurers, shareholders, representatives, trustees, principals, and assigns.

30.     <u>Settlement Class:</u> "All participants and beneficiaries in the McDonald's Corporation Health Plan who, as a result of a qualifying event, received a COBRA Notice between

6

December 15, 2017 and February 9, 2021 as determined by Defendant's records, and who did not elect COBRA." The Settlement Class is to be certified pursuant to Fed. R. Civ. P. 23 for settlement purposes only, and it consists of approximately 8,959 members.

31.    Settlement Class Member: any individual who is a member of the Settlement Class.

32.    Settlement Account: the account, which shall be a Qualified Settlement Fund as established by Internal Revenue Service regulations, that the Settlement Administrator shall establish for purposes of administering monetary relief under this Agreement.

33.    Settlement Administrator: American Legal Claims Services, LLC, a third-party settlement administrator selected and retained by the Parties for purposes of administering the Settlement and mailing the Notice of Settlement and Settlement Payments to Settlement Class Members.

34.    Settlement Payment: an equal *pro rata* portion of the Net Settlement Proceeds that each Settlement Class Member shall be entitled to receive, payable by check by the Settlement Administrator out of the Settlement Account, pursuant to this Agreement.

**III.    Monetary Benefits to the Settlement Class.**

35.    Settlement Account. Within ten (10) days of the Effective Date, the Settlement Administrator shall establish a Settlement Account, which shall be treated as a Qualified Settlement Fund, for purposes of administering monetary relief under this Agreement, and shall provide Class Counsel and Defendant's counsel with any information relating to the Settlement Account that is reasonably necessary for Defendant to fund the Settlement Account, including but not limited to a properly executed Form W-9.

36.    Funding of Settlement Account. Within twenty-one (21) days of the Effective Date, and upon receipt of a properly executed Form W-9 for the Settlement Account, Defendant shall

7

deposit or cause to be deposited the Gross Settlement amount into the Settlement Account, which sum may be paid in one or more deposits to the Settlement Account, which shall be used by the Settlement Administrator to pay Settlement Class Members and to pay any amounts approved by the Court for Class Counsel's attorneys' fees and costs, and expenses of settlement administration. Payment of the Gross Settlement amount shall be the sole, total and only payment obligation of Defendant, inclusive of all settlement administration costs.

37.   <u>Settlement Payments.</u> Each Settlement Class Member who does not opt out will receive a Settlement Payment, in the form of individual settlement checks, each of which constitutes an equal pro rata portion of the Net Settlement Proceeds.  For the avoidance of doubt, each Settlement Class Member who does not timely opt-out will automatically receive a Settlement Payment, determined by taking the Gross Settlement amount – the cost of settlement administration by the Settlement Administrator – Class Counsel's fees and costs = Net Settlement Proceeds / number of Settlement Class Members (approximately 8,959) = amount of Settlement Payments to Settlement Class Members.  These amounts are all subject to Court approval.  After Defendant pays or causes to be paid the Gross Settlement into the Settlement Account, Defendant (and all other Released Parties) shall have no liability as to the Settlement Payments, the allocation of Settlement Payments to each Settlement Class Member, and/or the distribution of Settlement Payments to each Settlement Class Member.

38.   <u>Manner of Distribution.</u> The Settlement Administrator shall send the Settlement Payments to Settlement Class Members by first-class U.S. Mail within fifteen (15) days after the Gross Settlement amount has been deposited into the Settlement Account.  For purposes of this mailing, the Settlement Administrator shall use the address information that Defendant provides for each Settlement Class Member in accordance with this Agreement (see paragraph 46 below),

subject to appropriate updating of addresses by the Settlement Administrator and/or Class Counsel by cross-referencing the National Change of Address Database. If any Settlement Payment is returned by the U.S. Postal Service with a forwarding address before the check's expiration date, the Settlement Administrator will promptly re-mail the check to the forwarding address. If the Settlement Payment is returned without a forwarding address, the Settlement Administrator shall make reasonable efforts to obtain a current address for the pertinent Settlement Class Member, and the Settlement Administrator shall re-mail the check if a current address is obtained before the check's expiration date.

39.     Deadline for Cashing Checks. Each Settlement Class Member shall have one-hundred eighty (180) days from the date which appears on the face of check issued to them to negotiate their settlement check. If any funds remain in the Settlement Account after each Settlement Class Member's 180-day deadline for negotiating their settlement checks has passed, the Settlement Administrator shall retain such funds in the Settlement Account for a period of ten (10) days to allow for the processing and payment of any checks that may still be in the bank's check clearing process. Thereafter, the Settlement Administrator shall close out the Settlement Account by issuing a check for any remaining balance as a *cy pres* award to be paid to Bay Area Legal Services (or any other *cy pres* recipient that the Court may approve). The Parties have selected Bay Area Legal Services, a 501(c)(3) non-profit legal aid organization, and will ask the Court to approve it as the *cy pres* recipient.

40.     Payments Not Considered Wages. The Parties agree that the Settlement Payments are not wages and shall not be treated as such for tax purposes. The Settlement Administrator shall arrange for the preparation and filing of any tax reports, forms, and returns required to be filed, prepared or disseminated by the Settlement Account, and will send Class Counsel copies of any

9

such filings and receipts of payment in a timely manner. Neither the Parties nor their respective counsel shall have any liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Settlement Account. If any tax liability exists, it is the responsibility of each Settlement Class Member only.

**IV.** **Attorneys' Fees, Reasonable Litigation Costs, and Costs of Administration.**

41.     Unopposed Motion for Attorneys' Fees and Costs. At least fourteen (14) days prior to the Deadline to Opt Out or Object, Named Plaintiff will file a motion seeking an order from the Court awarding Class Counsel their reasonable attorneys' fees in the sum total of Thirty-Three and One-Third Percent (33.33%) of the Gross Settlement (*i.e.*, $52,260.83) and, in addition, out-of-pocket costs incurred in this Action that, upon approval, will be paid from the Settlement Account. Defendant agrees that it will not oppose Named Plaintiff's application for Class Counsel's attorneys' fees and costs, up to 33.33% of the Gross Settlement, plus reasonable litigation costs up to $5,000. The Settlement Administrator shall make Named Plaintiff's motion and any attachments available on the Settlement website as soon as practicable after the motion is filed. The procedure for and the allowance or disallowance of any application for fees and costs are matters separate and apart from the Settlement. Any order or proceeding relating to fees and costs, or any appeal from any order relating thereto, or any reversal or modification thereof, shall have no effect on the Settlement, and shall not operate to, or be grounds to, terminate or cancel the Agreement or to affect or delay the finality of the Final Approval Order or any Judgment.

42.     Payment of Approved Attorneys' Fees and Costs. Within ten (10) days of the Settlement Account being funded, the Settlement Administrator shall pay attorneys' fees and costs to Class Counsel, pursuant to the terms of the Court order granting such award, by wire transfer or

check from the Settlement Account as directed by Class Counsel to the trust account of Wenzel Fenton Cabassa, P.A.

43.     Cost of Administration. The Parties agree that all costs of administration shall be paid out of the Settlement Account and not separately by Defendant or Class Counsel. It is estimated the cost of notice for administration will be approximately $30,000 to $40,000, and Plaintiff's counsel will obtain competitive bidding from multiple possible administrators.

**V.     Limited Release of Claims.**

44.     Limited Release. On the Effective Date, and in consideration of the benefits provided by this Agreement, the sufficiency of which has been determined by the Court and is hereby acknowledged by the Parties, Named Plaintiff Ashley Johnson and all Settlement Class Members who have not opted out of the Settlement Class, shall fully and forever release, waive, acquit, and discharge each of the Released Parties from the claims in this lawsuit and claims arising from the facts alleged in this lawsuit, only, whether they directly, indirectly, or derivatively, had, have, or may have such claims. No claims by class members for ERISA 502(a)(1)(B) benefits under ERISA are subject to this waiver except to the extent such a claim for benefits (or disputed benefits) relates to the alleged failure to receive a proper COBRA Notice. Likewise, Named Plaintiff Ashley Johnson is not required to release Defendant as to her claims pending at the EEOC, including for pregnancy discrimination and retaliation under Title VII and the Florida Civil Rights Act, and nothing in this litigation, nor this settlement, affects Named Plaintiff Ashley Johnson's ability to timely pursue those claims in a subsequent proceeding/lawsuit against Defendant and/or against any of Defendant's affiliated corporations.

11

## VI.   <u>Notice of Settlement and Right to Opt Out or Object</u>.

45.   <u>Notice to Settlement Class Members.</u> The Settlement Administrator shall utilize the Court-approved short and long forms of the Notice of Settlement, which will be the only forms utilized by the Settlement Administrator.   The Settlement Administrator shall also provide the Parties with a list of all documents that will be available to Settlement Class Members on the Settlement Administrator's website.   Within ten (10) business days after issuance of the Preliminary Approval Order, Defendant shall either have provided or shall have exercised best efforts to cause to be provided a list of the full names and last known mailing addresses of each Settlement Class Member to the Settlement Administrator.   Moreover, within ten (10) business days after receiving the list from Defendant (*i.e.*, on the Class Notice Date), the Settlement Administrator shall send the short form Notice of Settlement to all Settlement Class Members via first-class U.S. Mail in the approved form of envelope, if applicable.   The Settlement Administrator shall also make the long form Notice of Settlement available on its website at the time when the Notice of Settlement is mailed to the Settlement Class Members.

46.   <u>Manner of Distributing Notice.</u> For purposes of distributing the short form Notice of Settlement, the Settlement Administrator shall use the address information that Defendant provides for each Settlement Class Member in accordance with this Agreement, subject to appropriate updating by the Settlement Administrator or Class Counsel of addresses by cross-referencing the National Change of Address Database.   If any Notice of Settlement is returned by the U.S. Postal Service with a forwarding address, the Settlement Administrator will promptly re-mail the Notice to the forwarding address provided.   If the Notice of Settlement is returned without a forwarding address, the Settlement Administrator shall make reasonable efforts to obtain a valid address for the pertinent Settlement Class Member, and mail the Notice to the updated address.

47.     Settlement Telephone Number and Talking Points. Beginning on the Class Notice Date, or as soon thereafter as practicable, the Settlement Administrator shall establish a toll-free telephone number with an interactive voice response ("IVR") system that Settlement Class Members may call to obtain further information about the Settlement.   The Settlement Administrator shall maintain the telephone number until one hundred (100) days after the Effective Date, at which point it shall be discontinued.  Defendant shall have no responsibility for responding to Settlement Class Member inquiries whether written, electronic, or via telephone.

48.     Settlement Website. Beginning on the Class Notice Date, or as soon as thereafter as practicable, the Settlement Administrator shall establish an active website (the "Settlement Website") from which Settlement Class Members can download relevant forms such as the Complaint, the Amended Complaint, the long form Notice of Settlement, this Agreement, and ECF-filed *(i.e.,* publicly-available) copies of the pleadings in support of approval of the Settlement, Named Plaintiff's motion for Class Counsel's attorneys' fees and costs, and papers reflecting costs of administration.  The Settlement Administrator shall maintain the Settlement Website until one hundred (100) days after the Effective Date, at which point it shall be discontinued.

49.     Right to Opt Out. Settlement Class Members who wish to exclude themselves from the Settlement must submit a written statement requesting exclusion from the Settlement ("opt-out request").  Such opt-out request must affirmatively state that the individual wishes to opt out of the Settlement, state the case name and number, contain the name, address, telephone number, and email address of the Settlement Class Member requesting exclusion, and be personally signed by that Settlement Class Member.  The opt-out request must be sent by U.S. Mail to the Settlement Administrator (at the address provided in the Notice of Settlement), and must be postmarked on or before the Deadline to Opt Out or Object.  The Settlement Administrator shall provide the

13

Parties' counsel (as specified below) with copies of all opt-out requests received to date within five (5) business days after the Deadline to Opt Out or Object, and provide any additional opt-out requests within ten (10) business days after the Deadline to Opt Out or Object. Any Settlement Class Member who timely requests exclusion from the Settlement will not be entitled to any Settlement Payment and will not be bound by this Settlement or have any right to object, appeal or comment thereon. No opt-out request may be made on behalf of a group of Settlement Class Members. Each opt-out request must be individually signed by the Settlement Class Member who is opting out of the Settlement.

50.     Objections. Any Settlement Class Member who does not opt-out and wishes to object to the Settlement must file a timely written statement of objection ("objection") with the Clerk of Court, and mail a copy of that objection to the Settlement Administrator (at the address provided in the Notice of Settlement), filed with the Court and postmarked no later than the Deadline to Opt Out or Object. The Settlement Administrator shall provide the Parties' counsel (as specified below) with copies of all objections received to date within five (5) business days after the Deadline to Opt Out or Object, and provide any additional objections within ten (10) business days after the Deadline to Opt Out or Object. The objection must state the case name and number; state with specificity the grounds for the objection; state whether it applies to only the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; provide the name, address, telephone number, and email address of the Settlement Class Member making the objection; and indicate whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel. In addition, the objection must be personally signed by the Settlement Class Member and, if represented by counsel, then also by counsel. Any Settlement Class Member who fails to timely object to the Settlement in the manner specified

14

counsel with a report listing the names and addresses of all Settlement Class Members to whom the Settlement Administrator mailed a Notice of Settlement, and indicating which Settlement Class Members submitted a timely opt-out request, if any, and which Settlement Class Members submitted a timely objection, if any (as well as copies of any such opt-out requests or objections).

54.    <u>Right to Terminate Settlement.</u> The Parties shall each have the right to unilaterally terminate this Agreement by providing written notice of their election to do so within ten (10) business days after any of the following have occurred: (a) the Court refuses to certify the Settlement Class as defined herein; (b) the Court refuses to grant preliminary approval of the Settlement after the Parties have attempted to re-submit the Preliminary Approval Motion at least one time addressing any issues raised by the Court as to the first Preliminary Approval Motion and/or this Agreement; (c) the Court refuses to grant final approval of the Settlement (or if the Final Approval Order agreed to by the Parties is materially modified in a manner unacceptable to either Party); or (d) any objection(s) are timely made, and, as a result of said objection(s), the Final Approval Order is reversed, or if the Final Approval Order is materially modified in a manner unacceptable to either Party by the U.S. Court of Appeals for the Eleventh Circuit or the U.S. Supreme Court.

55.    The above notwithstanding, the Parties agree that should any of the conditions set forth in Paragraph 53 occur, the Parties will, within the above-indicated period, meet and confer by telephone in a good-faith attempt to reach agreement on a settlement of this Action.

56.    In addition, Defendant shall have the right unilaterally to terminate this Agreement by providing written notice to Class Counsel of its election to do so within fifteen (15) business days after the Deadline to Opt Out or Object if a total of one percent (1%) or more of the total

Settlement Class Members request exclusion from the Settlement by submitting timely opt-out requests (i.e., if 89 class members opt out).

57. <u>Termination of Settlement.</u> If the Settlement is terminated pursuant to Paragraph 54 or 55 of this Agreement, the Parties will return to the *status quo ante*, and the Action shall proceed as if this Settlement had never been negotiated. Specifically, the Parties agree that:

(a) the Settlement proposed herein shall be of no further force and effect;

(b) the agreements and definitions in this Agreement concerning the certification of the Settlement Class will not be used as evidence or argument to support class certification or the definition of any class in this Action or any further litigation, and Defendant will retain all rights to oppose the certification of any class in this Action and any further litigation, which shall survive the termination of the Settlement; and

(c) this Agreement and all negotiations, proceedings and statements relating thereto, and any amendment thereof, shall be null and void and shall be without prejudice to the Parties or the Released Parties, and each Party and Released Party shall be restored to his, her or its respective position as it existed prior to the execution of this Agreement.

58. <u>Settlement Modification.</u> The Parties may agree by written stipulation of counsel to reasonable modifications of the timetables set forth in this Agreement or to modifications to this Agreement to effectuate the purpose of this Agreement or to conform to guidance from the Court, without the need to formally amend this Agreement.

59. <u>Dismissal with Prejudice:</u> Within five (5) days after the Effective Date, Named Plaintiff and Defendant agree that they will jointly stipulate to the dismissal with prejudice of the Action. Named Plaintiff and Defendant agree they will request that the Court retain jurisdiction to enforce the Agreement until one hundred (100) days after the Effective Date.

**VIII.   <u>Other Provisions.</u>**

60. <u>Mediation; Dispute Resolution.</u> In the event that the Parties disagree upon the terms of this Agreement or as to any matter concerning the administration of this Settlement, the Parties

and the relevant Released Parties agree to use their best efforts to amicably resolve the dispute and to participate in mediation before an agreed upon mediator prior to seeking relief from the Court.

61.     <u>Authority.</u> The signatories below represent that they are fully authorized to enter into this Agreement.  All Settlement Class Members who do not opt out are bound by the signature of the Named Plaintiff as to any settlement and/or judgment.

62.     <u>No Admission/ No Waiver.</u> The Settlement shall not be deemed to be an admission of any liability or wrongdoing by Defendant or any Released Party in any manner, nor shall it be construed as such, but rather it is understood that Defendant is settling this matter to, among other reasons, avoid the cost of protracted litigation.  Neither this Agreement, nor any document or account relating to this Settlement shall be construed as, offered or admitted into evidence as, or be deemed to be evidence for any purpose adverse to Defendant or any Released Party, except for purposes of settling this Action or enforcing settlement of this Action.  Defendant enters into this Agreement solely on the facts and circumstances particular to the matters covered by this Agreement.  This Agreement shall not be deemed as an admission by, waiver of, or used as estoppel against, the rights of Defendant to assert that the claims set forth in this Action or any other proceeding are otherwise inappropriate for class certification under Rule 23 in the absence of the Settlement.  To the extent this Settlement is not approved, Defendant does not waive, but rather expressly reserves all rights to challenge any and all claims and allegations asserted by Named Plaintiff (whether procedural or substantive) should the Action proceed.

63.     <u>Best Reasonable Efforts and Mutual Full Cooperation.</u> The Parties agree to fully cooperate with one another to accomplish the terms of this Agreement, including, but not limited to, executing such documents and taking such other actions as may be reasonably necessary to implement the terms of this Settlement. The Parties will use their best reasonable efforts, including

18

all efforts contemplated by this Agreement and any other efforts that may become necessary as ordered by the Court, or otherwise, to effectuate this Agreement and to secure the Court's approval of the Settlement.

64.     Communications with Settlement Class Members. The Parties and their respective counsel shall not discourage any Settlement Class Member from participating in this Settlement or lobby or encourage any Settlement Class Member to opt out of the Settlement or object to the Settlement.

65.     Standing.   The Parties agree that Named Plaintiff and each class member have sufficient standing under Article III for settlement purposes.

66.     Binding Effect on Successors and Assigns. This Agreement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

67.     Construction. The Parties agree that the terms and conditions of this Agreement are the result of lengthy, arm's length negotiations between the Parties, and that this Agreement will not be construed in favor of or against any Party by reason of the extent to which any Party or Party's counsel participated in the drafting of this Agreement.

68.     Entire Agreement. This Agreement and the attached exhibits, incorporated herein by reference, constitute the entire agreement of the Parties with respect to the subject matter hereof and supersede all prior negotiations, communications, and agreements between the Parties, and may not be amended, or any of their provisions waived, except by a writing executed by all Parties hereto.  The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their commercially reasonable best efforts to

accomplish the foregoing terms and conditions of the Agreement. The Parties intend this Agreement to be a final and complete resolution of all disputes between them, relating to or arising out of the subject matter of the Action. Accordingly, the Parties agree that the terms of the Agreement represent a good-faith settlement, reached voluntarily based upon adequate information and after consultation with experienced counsel. The Parties also agree Class Counsel's attorneys' fees and costs were not discussed until all other terms were reached.

69. <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of Florida without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

70. <u>Venue.</u> The Parties hereby agree that any action brought upon the enforcement of this Agreement shall be commenced or filed in the United States District Court for the Southern District of Florida, Miami Division.

71. <u>Effect of Paragraph Titles Captions and Headings.</u> Paragraph titles, captions, and headings in this Agreement are inserted as a matter of convenience and for reference purposes only, and in no way define, limit, extend, or describe the scope of this Agreement or any provision in it. Apart from those provisions expressly designated as Recitals, each term of this Agreement is contractual and is not merely a recital.

72. <u>Notices.</u> Unless otherwise specifically provided in this Agreement, any notices or communications to Named Plaintiff or Defendant relating to this Settlement should be sent to their respective counsel in writing, and will be deemed to have been duly given as of the third business day after mailing by U.S. registered or certified mail, return receipt requested or as of the date of

delivery confirmation by Federal Express, United Parcel Service or equivalent express carrier, as follows:

**Named Plaintiff's Counsel:**

Luis A. Cabassa, Esq.
Brandon J. Hill, Esq.
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Ave., Suite 300
Tampa, Florida 33602

**Defendant's Counsel:**

Kimberly Jones
Richard Pearl
Faegre Drinker Biddle & Reath LLP
320 South Canal Street, Suite 3300
Chicago, Illinois 60606

73.     Counterparts. This Agreement may be executed in one or more counterparts.  All executed copies of this Agreement and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

74.     Settlement Class Signatories. The Parties agree that because the Settlement Class Members are so numerous, it is impossible and impracticable to have each Settlement Class Member execute this Agreement.  Therefore, the Notice of Settlement will advise all Settlement Class Members of the binding nature of the Agreement and will have the same force and effect as if executed by each Settlement Class Member.

75.     Authority of Court. The administration and implementation of the Settlement as embodied in this Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Agreement, including, but not limited to, enforcement of the releases contained in paragraphs 44 and 45 of this Agreement.  The Court

expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Agreement.

76.    Execution. The undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on Effective Date, as defined in this Agreement, and if it has been executed by all Parties.

*[Remainder of this page left blank; signatures on next page]*

**ASHLEY JOHNSON**                                         **McDONALD'S CORPORATION**

_____                        BY: _____

DATE: ___08 / 30 / 2022___                        TITLE: __Vice President____

                                                          DATE: __September 21, 2022__

EXHIBIT 1

**COURT ORDERED NOTICE**

c/o Settlement Administrator
PO Box 23459
Jacksonville, FL 32241-3459

FIRST-FIRST CLASS
U.S. POSTAGE
PAID
MAILED FROM
ZIP CODE 32216
PERMIT NO 584

*Johnson*
*v.*
*McDonald's Corp.*

Class Action Notice

\*8131−ΦX−008638\*

Postal Service: Please do not mark barcode
<<noticeid>> − <<keyline>>

1 * 1
<<fname>> <<lname>>
<<businessname>>
<<addrline1>>
<<addrcity>> <<addrstate>> <<addrzip>>

*(Continued below)*

A Settlement has been reached in a proposed class action lawsuit in which Named Plaintiff Ashley Johnson ("Named Plaintiff") alleges that McDonald's Corporation ("Defendant") provided her and other putative class members with a notice that did not adequately inform class members how to exercise their right to elect continuation health coverage under the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA"). Defendant denies Named Plaintiff's allegations and denies that it violated any law or regulation (nor has the Court found that Defendant violated any law or regulation), and Defendant has affirmatively asserted that all COBRA Notices complied with applicable laws, but has agreed to the Settlement to avoid the uncertainties and expenses of continuing the case. Defendant is agreeing to deposit $156,782.50 into a Settlement Account and, after deducting amounts for the Named Plaintiff's reasonable attorneys' fees and costs and settlement administration costs, each Settlement Class Member will receive a *pro rata* share of the remaining net settlement proceeds. There are approximately 8,959 Settlement Class Members.

**Am I a Class Member?** Defendant's records indicate you are a member of the settlement class defined as follows: "All participants and beneficiaries in the McDonald's Corporation Health Plan who, as a result of a qualifying event, received a COBRA Notice between December 15, 2017, and February 9, 2021 , as determined by Defendant's records, and who did not elect COBRA"." (referenced herein as the "Settlement Class").

**What Will the Settlement Mean for Me?** If the Court approves the Settlement, you will receive a payment by check. After deducting expenses, the Gross Settlement amount of will be divided equally on a pro rata basis among all Settlement Class Members who do not opt out of the Settlement. The gross amount payable to each Settlement Class Member (assuming all potential members participate) will be approximately $17.50. However, certain deductions will be made from the Settlement Account, as approved by the Court. Specifically, Class Counsel will ask the Court to approve (1) Class Counsel's attorneys' fees equivalent to one-third of the Settlement Account; (2) Class Counsel's litigation costs; (3) settlement administration costs. If the Court awards the amounts, the net amount to each Settlement Class Member will be approximately $7.00 to $10.00

In exchange for their *pro rata* shares of the net settlement proceeds, each Settlement Class Member will be releasing Defendant, the Plan, the COBRA administrator and other administrators for the Plan, and other related entities (the "Released Parties") from the claims brought in this action with respect to the COBRA Notice sent to each Settlement Class Member at issue in Named Plaintiff's First Amended Class Action Complaint. If approved by the Court, Named Plaintiff Ashley Johnson and all Settlement Class Members who have not opted out of the Settlement Class, shall fully and forever release, waive, acquit, and discharge each of the Released Parties from the claims in this lawsuit only. No claims by class members for benefits under ERISA are subject to this waiver except to the extent the claim for benefits or disputed benefits relate to the alleged failure to receive a proper COBRA Notice.

*(Continued on reverse side.)*

**What Do I Need to Do to Receive a Payment?** To receive a settlement payment, you do not need to do anything. You will receive your pro-rata portion of the net Settlement Fund provided you do <u>not</u> opt-out of the Settlement, as described in further detail below.

**Who Represents Me?** The Court appointed lawyers Luis A. Cabassa and Brandon J. Hill from Wenzel Fenton Cabassa, P.A., to represent the Settlement Class. As Class Counsel, they will seek to be paid legal fees out of the Settlement Account as described above. You may hire and pay for a lawyer at your own expense if you do not wish to be represented by Class Counsel, but you are not required to retain your own counsel.

**What If I Don't Like the Settlement?** You may exclude yourself from participating in the Settlement or object to its terms. To exclude yourself ("opt out") and keep any individual rights you may have against Defendant concerning the COBRA Notice at issue in this lawsuit (and Defendant will keep any defenses it has against your claims), you must specifically state in writing that you want to opt out of the Settlement and send your written opt-out request to the Settlement Administrator by _____, 2022. Your written opt-out request must (i) state the case name and; (ii) state your name, address, telephone number, and email address; and (iii) include your personal signature. If you do not opt out of the Settlement, you may still object to the terms of the proposed Settlement by filing a written objection with the Court and sending a copy of your objection to the Settlement Administrator by _____, 2022. If you object to the Settlement, your written objection must (i) state the case name and number; (ii) provide the specific grounds for your objection; and (iii) state whether your objection pertains to just you individually, or all or some of the proposed Settlement Class (iv) state your name, address, telephone number, and email address; (v) state whether you intend to appear at the Final Approval Hearing, either with or without your own counsel; and (vi) include your personal signature (and your legal counsel's signature, if you have your own representation).

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing on _____, 2022 at _____ a.m./p.m. at the Wilkie D. Ferguson, Jr. United States Courthouse for the Southern District of Florida, Miami Division, 400 North Miami Avenue, Miami, Florida 33128, in Courtroom ____. The hearing may be postponed to a later date so you should visit the website listed below for updates prior to the hearing date. It may also be conducted via telephone or by Zoom due to COVID without further notice. If the Court approves the settlement, there may be appeals or objections that must be resolved before the settlement will become effective. Settlement payments to members of the Settlement Class will be made only if the settlement is finally approved by the Court and only after all appeals or objections are resolved. This may take some time, so please be patient. You may check on the status of this approval process by visiting this website www.XXXX.com.

**How May I Get More Information?** For more information, contact the Settlement Administrator, PO Box 23459, Jacksonville, FL, 32241-3459, at (888) XXX-XXXX, via e-mail at info@XXXX.com, or visit www.XXXX.com.

---

### *Please use this section to update your address*

<<noticeid>>                                                          <<keyline>>

NAME_____

ADDRESS_____

CITY, STATE, ZIP_____

---

*PLACE*
*STAMP*
*HERE*

*Johnson  v. McDonald's Corp.*

c/o Settlement Administrator

Jacksonville, FL 32241-3459

EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  1:21-cv-24339-FAM

ASHLEY JOHNSON, individually
and on behalf of all others
similarly situated,

  Plaintiff,

v.

McDONALD'S CORPORATION,

  Defendant.

_____/

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**

**<u>A court authorized this Notice.  This is not a solicitation from a lawyer</u>.**

  This **Notice of Proposed Class Action Settlement and Hearing** provides important information regarding your right to participate in or to opt out of a proposed settlement in a putative class action lawsuit (referred to in this notice as the "Settlement").  Named Plaintiff, Ashley Johnson ("Johnson" or "Plaintiff"), filed a lawsuit against Defendant McDonald's Corporation ("Defendant"), in which she alleges that Defendant provided her and other putative class members with a notice that did not adequately inform class members how to exercise their right to elect continuation health coverage under the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA").  Plaintiff and Defendant are referred to in this notice together as the "Parties."  Defendant disputes the allegations and has asserted that the COBRA Notice complied with all applicable laws.  That case is pending in the U.S. District Court, Southern District of Florida, Miami Division.  The judge has not made any determination about who is right or wrong in the case.  A summary of the claims asserted in the lawsuit and the proposed Settlement follows.

-  The notice at issue is referred to as a "COBRA" Notice and the continuation of health insurance coverage after separation of employment is called "COBRA continuation coverage," after the Consolidated Omnibus Budget Reconciliation Act of 1985.  The COBRA Notice is designed to provide former employees who were covered under employer sponsored group health care plans with information and details regarding their right to continue their healthcare coverage and the terms and conditions of that COBRA continuation coverage.  29 U.S.C. § 1166(a) (2), (a)(4), (c).

-  The lawsuit generally alleges Defendant provided Plaintiff and other putative class members with a deficient COBRA Notice.  More specifically, Plaintiff asserted that Defendant's COBRA Notice did not adequately inform her and the putative class how to exercise their rights to elect COBRA continuation coverage because Defendant's COBRA Notice: (i) failed to include an address indicating where COBRA payments should be mailed; (ii) failed to include a physical election form; and (iii) failed to identify the plan administrator. As a result of the alleged violations in the Complaint, Plaintiff sought statutory penalties, injunctive relief, attorneys' fees, costs and expenses on behalf of himself and all others similarly-situated.

1

- Defendant denies that its COBRA Notice was deficient in any manner and denies that it has any liability to Plaintiff or their putative class whatsoever. Rather, Defendant has asserted that its COBRA Notice complied with any and all relevant laws, including COBRA and the Employee Retirement Income Security Act.

- At this point in the case, the presiding judge has not made any determination about who is right or wrong. Rather, instead of proceeding with potentially years of litigation with uncertain outcomes, the parties have agreed to resolve the lawsuit through a Court-supervised settlement to avoid further cost and uncertainty.

- The Parties seek to settle this dispute on behalf of Plaintiff and a "Settlement Class," which the Parties have agreed to define as follows:  "All participants and beneficiaries in the McDonald's Corporation Health Plan who, as a result of a qualifying event, received a COBRA Notice between December 15, 2017, and February 9, 2021, as determined by Defendant's records, and who did not elect COBRA"."

- Membership in the Settlement Class will be determined based upon Defendant's records reflecting who received the specific COBRA Notice at issue during the Class Period. It is estimated that the Settlement Class is comprised of 8,959 potential members.

- You received notice of this Settlement by mail which directed you to this website because Defendant's records indicate that you are a "Settlement Class Member" and eligible to receive payment from this proposed class action settlement.

- Your rights and options—and the deadlines to exercise them—are explained in this Notice. Here is a brief summary of your rights and options.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Do Nothing** | If you do nothing and the Court approves this Settlement, you will receive a settlement payment (the amount of which is described below). As a member of the Settlement Class, you will release Defendant and others from any potential liability regarding the COBRA Notice in this lawsuit only. No other claims are impacted by this lawsuit. |
| **Ask to be Excluded by _____, 2022** | If you do not want to be included in the case and the Settlement, you must take action to exclude yourself. This is called "opting out." To opt out, you must send a written opt-out request to the Settlement Administrator postmarked by _____, 2022. Your written opt-out request must (i) state the case name and; (ii) state your name, address, telephone number, and email address; and (iii) include your personal signature. If you elect to opt out, you may pursue your own individual action against Defendant for the claims raised in this case if you choose to do so. |
| **Object by _____, 2022** | If you do not like the Settlement, or any of its specific terms, you may "object." To object, you must file a written objection with the Court and send a copy of your objection to the Settlement Administrator postmarked by _____, 2022. Your written objection must (i) state the case name and number; (ii) provide the specific grounds for your objection; (iii) state whether your objection pertains to just you individually, or all or some of the proposed Settlement Class; (iv) state your name, address, telephone number, and email address; (v) state whether you intend to appear and speak at the Final Approval Hearing, either with or without your own counsel; and (vi) include your personal signature (and your counsel's signature, if you have your own representation). You may not file an objection if you opt out of the settlement. |
| **Go to a Hearing on** | If you wish to be heard, you may attend the Final Approval Hearing and ask to speak |

| _____, 2022 | in Court about the fairness of the Settlement. You are not required to attend the hearing.  If you opt out, you may not present your opinions regarding the Settlement at the Final Approval Hearing. |

**The Court still has to decide whether to approve this settlement, which may take some time, as explained below**.

## Basic Information

### 1.    Why did I receive this notice?

You were sent notice by mail of this proposed Settlement because you are currently a member of the Settlement Class.  Composition of the Settlement Class is based upon Defendant's records.  The Notice of Settlement you received by mail directed you to the Settlement Administrator's website which provides additional information regarding this Settlement, including this more detailed Notice of Proposed Class Action Settlement and Hearing. As a current member of the Settlement Class you have a right to know about the proposed settlement of this case as a class action and about your options to participate as a Settlement Class Member, your ability to object to the Settlement terms as a class member, or to opt out of the Settlement, before the Court decides whether to grant final approval of the Settlement.  If the Court approves the Settlement, and after all objections or appeals relating to that settlement are resolved, the payment provided for by the Settlement will be available to all Settlement Class Members who have not elected to opt out.

This Notice explains the lawsuit, the proposed Settlement, your legal rights, the Settlement payment and who will be eligible to receive a payment from the Settlement Account, and the basis upon which payments will be made. A copy of the Class Action Settlement Agreement (referred to in this Notice as the "Agreement") is available to Settlement Class Members on this website.

### 2.    What is the lawsuit about?

The lawsuit generally alleges Defendant provided Plaintiff and other putative class members with a deficient COBRA Notice.  More specifically, Plaintiff asserted that Defendant's COBRA Notice did not adequately inform her and putative class members how to exercise their rights to elect COBRA continuation coverage because Defendant's COBRA Notice: (i) failed to include an address indicating where COBRA payments should be mailed; (ii) failed to include a physical election form; and (iii) failed to identify the plan administrator. As a result of the alleged violations in the Complaint, Plaintiff sought statutory penalties, injunctive relief, attorneys' fees, costs and expenses on behalf of himself and all others similarly-situated.

Defendant disputes the Plaintiff's allegations and denies all liability to Plaintiff and the Settlement Class. Defendant has affirmatively asserted that the COBRA Notice at issue complied with any and all applicable laws. In the lawsuit, Defendant denied Plaintiff's allegations and asserted a number of defenses.  Further, Defendant has, at all relevant times, asserted that Plaintiff's claims are not appropriate for class action treatment in the absence of a settlement.

Although the Court has authorized this Notice of Proposed Class Action Settlement and Hearing, the Court has not determined or ruled upon the merits of the claims or defenses asserted by either side in the lawsuit. The Court has not found Defendant violated the law in any way.  The Court has not found that the Plaintiff would prevail in this case.  The Court has not made any determination that Plaintiff will recover any damages in this litigation.

### 3.    Why is this case a class action?

Class actions are lawsuits in which the claims and rights of many people are decided in a single proceeding. In a class action, as here, Plaintiff ("Class Representative") seeks to assert claims on behalf of herself and all members of a putative class who received the same allegedly deficient COBRA Notice. In a class action, individuals with similar claims are generally treated alike. The Court supervises the prosecution of the class claims by Counsel for the Settlement Class ("Class Counsel") to ensure that all members of the Settlement Class are adequately and fairly represented. Settlement Class Members are not individually responsible for the costs or fees of Class Counsel, which must be approved by the Court and which will be paid out of the Settlement Account.

**4.      Why is there a settlement?**

The Court has not decided the merits of this case in favor of the Class Representative or in favor of Defendant. Instead, Class Counsel investigated the facts and applicable law regarding the Class Representative's claims and Defendant's defenses. The parties engaged in lengthy and arm's-length negotiations to reach this settlement. The Class Representative and Class Counsel believe that the proposed settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members.

Both sides agree that, by settling, Defendant is not admitting any liability or that Defendant did anything wrong. Additionally, both sides want to avoid the uncertainties and expense of further litigation.

## Who Is Included In The Settlement

**5.      How do I know if I am part of the Settlement?**

You are included in the Settlement if you fit the definition of "Settlement Class" above. If you received a notice of settlement in the mail, Defendant's records indicate you are a member of the Settlement Class. If you are not certain as to whether you are or should be a member of the Settlement Class, you may contact the Settlement Administrator to find out (see contact information below). In all cases, the question of Settlement Class membership will be determined based on Defendant's records.

## The Settlement Payment—What You May Receive

**6.      What does the Settlement provide?**

If you are a member of the Settlement Class, you are eligible to receive a payment under the Settlement. Defendant has agreed to pay a total of $156,782.50 into a Settlement Account. After deducting expenses, the Settlement Account will be divided equally on a pro rata basis among all Settlement Class Members who do not opt out of the Settlement. The gross amount payable to each Settlement Class Member (assuming all potential members participate) will be approximately $17.50. However, certain deductions will be made from the Settlement Account, as approved by the Court, for Class Counsel's attorneys' fees and litigation costs, and the costs of settlement administration. If the Court awards the amounts sought for these awards and expenses, the net amount payable to each Settlement Class Member will be approximately $7.00 to $10.00.

Each Settlement Class Member shall have sixty (60) days from the date which appears on the face of check issued to him/her to negotiate his/her settlement check. If any funds remain in the Settlement Account after the 60-day deadline for Settlement Class Members to negotiate their settlement checks as a result of uncashed or undeliverable checks, the Settlement Administrator shall retain such funds in the Settlement Account for a period of ten (10) business days to allow for the processing and payment of any checks that may still be in the bank's check clearing process. Thereafter, the Settlement Administrator shall close out the Settlement Account by issuing a check for any remaining balance to the Court-approved "*cy pres*" recipient. The Parties have asked the Court to name Bay Area Legal Services, a 501(c)(3) non-profit legal aid organization, as the *cy pres* recipient.

**7.     How do I receive a payment from the Settlement?**

To receive a check with your settlement payment, you do not have to do anything.  Your interest in this matter will be represented by Plaintiff as Class Representative and Class Counsel.  As a Settlement Class Member, you will be bound by the terms of the Agreement and any judgment arising from the Settlement. If the Court approves the Settlement at or after the Final Approval Hearing and you have not elected to opt out of the Settlement, you will automatically receive a settlement check for your share of the funds remaining in the Settlement Account after deduction for Court-approved awards (attorneys' fees and costs, and settlement administration costs).

**8.     When would I receive my payment?**

The Court will hold the Final Approval Hearing on _____, 2022 at _____ a.m./p.m. at the Wilkie D. Ferguson, Jr. United States Courthouse for the Southern District of Florida, Miami Division, 400 North Miami Avenue, Miami, Florida 33128, in Courtroom ___.  The hearing may be postponed to a later date so you should visit the website listed below for updates prior to the hearing date.  It may also be conducted via telephone or by Zoom due to COVID without further notice.  If the Court approves the settlement, there may be appeals or objections that must be resolved before the settlement will become effective.  Settlement payments to members of the Settlement Class will be made only if the settlement is finally approved by the Court and only after all appeals or objections are resolved.  This may take some time, so please be patient.  You may check on the status of this approval process by visiting this website www.XXXX.com.

**9.     What am I giving up to receive a payment or stay in the class?**

Upon the Court's approval of the Settlement, in exchange for their pro rata shares of the net settlement proceeds, each Settlement Class Member will be releasing Defendant, the Plan, the COBRA administrator and other administrators for the Plan, and other related entities (the "Released Parties") from the claims brought in this action with respect to the COBRA Notice sent to each Settlement Class Member at issue in Named Plaintiff's First Amended Class Action Complaint.  If approved by the Court, Named Plaintiff Ashley Johnson and all Settlement Class Members who have not opted out of the Settlement Class, shall fully and forever release, waive, acquit, and discharge each of the Released Parties from the claims in this lawsuit only.  No claims by class members for benefits under ERISA are subject to this waiver except to the extent the claim for benefits or disputed benefits relate to the alleged failure to receive a proper COBRA Notice.

**10.    Do I have to participate in the Settlement?**

No.  You may choose to be excluded from the Settlement (in other words "opt out") and you will not be bound by the Agreement or any judgment or other final disposition of the lawsuit.  If you opt out, you will retain any individual claims you may have against Defendant, and Defendant will retain any defenses it has to your claims. To request exclusion, you must state in writing your desire to opt out and to be excluded from the Settlement Class, and see page 3 above for requirements for your opt-out request.  **Your request to opt out which will exclude you from the Settlement must be sent by first class U.S. Mail, postmarked on or before _____, 2022.  You must send your written opt out request to:**

*Johnson v. McDonald's Corporation*
c/o Settlement Administrator
P.O. Box XX
Jacksonville, FL 32241-3459
(888) XXX-XXXX

**If your written opt out request is not postmarked on or before _____, 2022, your request for exclusion will be invalid**, and you will be bound by the terms of the Settlement approved by the Court, including without

limitation, the terms of the Agreement and the judgment ultimately rendered in the case, and you will be barred from bringing any claims against Defendant which arise out of or relate in any way to the claims described in Section 9 above.

**11.     If I don't exclude myself, can I sue Defendant for the same thing later?**

No.  If you do not opt out of the Settlement, you will give up any right to sue Defendant for the described in Section 9 above.

**12.     If I exclude myself, will I receive any payment from this Settlement?**

No.  If you opt out and thereby exclude yourself, you are not part of the Settlement and will get no money from it.

| The Lawyers Representing the Settlement Class |
|:---:|

**13.     Will I have a lawyer in this case?**

The Court has appointed Ashley Johnson as the Class Representative.  The Court has also appointed Luis A. Cabassa and Brandon J. Hill of Wenzel Fenton Cabassa, P.A. as Class Counsel.  Class Counsel's contact information is as follows:

Luis A. Cabassa, Esq.
Brandon J. Hill, Esq.
WENZEL FENTON CABASSA, P.A.
1110 North Florida Ave., Suite 300
Tampa, FL 33602
(813) 224-0431
lcabassa@wfclaw.com
bhill@wfclaw.com

Class Counsel represent the interests of all of the Settlement Class Members.  You may hire your own attorney to advise you regarding this matter and the proposed settlement if you so choose, but you are not required to do so and if you hire your own attorney, you will be responsible for paying that attorney's fees and costs.

**14.     How will Class Counsel be paid?**

Class Counsel will apply to the Court for an award of attorneys' fees, in an amount not to exceed one-third (33.33%) of the Settlement Account, which totals $52,260.83, plus litigation costs totaling $5,000 or less.  The Court may award less than the amounts Class Counsel are requesting. Costs of administration incurred by the Settlement Administrator (estimated at between $30,000 and $40,000) will also be paid from the Settlement Account.  The amounts approved by the Court for these awards, fees, and costs will be paid directly from the Settlement Account, and not by you or the other Settlement Class Members.

| Objecting to the Settlement |
|:---:|

**15.     How do I tell the Court that I don't like the settlement?**

If you decide not to opt out of the Settlement, you may still object to any aspect of the proposed Settlement by filing and serving a written objection.  Your written objection must include the information listed on page 3 above.

**You must file any objection with the Clerk of the Court at the address below within sixty (60) days of the postmarked date on the Notice of Settlement that you received by mail:**

United States Courthouse for the Southern District of Florida, Miami Division
400 North Miami Avenue, Miami, Florida 33128

In any mailing to the Court, be sure to include the case number (1:21-cv-24339), and the case name (*Johnson v. McDonald's Corporation*).

**You must also send your objection by first class U.S. Mail, postmarked on or before _____, 2022**, to the Settlement Administrator at this address:

American Legal Claims Services, LLC
P.O. Box XX
Jacksonville, FL 32241-3459

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise an objection later.

### 16.    Is there a difference between objecting and opting out?

Yes.  By objecting, you are simply telling the Court that you don't like something about the Settlement and would like the Settlement to be changed, but you are agreeing to be bound by the Settlement as approved by the Court. You may object <u>only</u> if you stay in the Settlement Class.  If you elect to opt out of the Settlement Class, you are telling the Court that you do <u>not</u> want to be part of the Settlement.  If you opt out and thereby exclude yourself from the settlement, you will have no basis to object because the lawsuit and Settlement no longer affect you or any potential claims you may have.

### 17.    Where and when will the Court decide whether to approve the settlement?

The Court will hold the Final Approval Hearing on \_\_\_\_\_, 2022 at \_\_\_\_\_ a.m./p.m. at the Wilkie D. Ferguson, Jr. United States Courthouse for the Southern District of Florida, Miami Division, 400 North Miami Avenue, Miami, Florida 33128, in Courtroom \_\_\_.  The hearing may be postponed to a later date so you should visit the website listed below for updates prior to the hearing date.  It may also be conducted via telephone or by Zoom due to COVID without further notice.  If the Court approves the settlement, there may be appeals or objections that must be resolved before the settlement will become effective.  Settlement payments to members of the Settlement Class will be made only if the settlement is finally approved by the Court and only after all appeals or objections are resolved.  This may take some time, so please be patient.  You may check on the status of this approval process by visiting this website www.XXXX.com.

The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of the Settlement; whether the Settlement Class is adequately represented by the Class Representative and Class Counsel; and whether an order and final judgment should be entered approving the proposed settlement.  The Court also will consider Class Counsel's application for an award of attorneys' fees and expenses.

You will be represented at the Final Approval Hearing by Class Counsel, unless you choose to enter an appearance in person or through your own attorney.  The appearance of your own attorney is not necessary to participate in the Final Approval Hearing.  Again, should you choose to engage your own attorney, it will be at your own expense.

**18.     Do I have to come to the Final Approval Hearing?**

No.  Class Counsel will represent the Settlement Class Members at the Final Approval Hearing, but you are welcome to attend the hearing at your own expense.  If you file an objection, you do not have to come to Court to talk about it.  As long as you filed and mailed your written objection on time, the Court will consider it.  You may also pay your own attorney to attend, if you wish.

**19.     May I speak at the Final Approval Hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing.  If you intend to attend and speak at the Final Approval Hearing, you must state this in your objection.

## Getting More Information

**20.     Are there more details about the Settlement?**

For more details regarding the lawsuit or the Settlement, you may refer to the papers filed in this case during regular business hours at the Clerk of the Court's office, United States Courthouse for the Southern District of Florida, Miami Division, 400 North Miami Avenue, Miami, Florida 33128.

You may also access papers filed in this case on-line through the Public Access to Court Electronic Records ("PACER") service at www.pacer.gov; however, you may need to create an account and certain fees may apply. You may also obtain a copy of the full Settlement Agreement and certain papers filed in this case by sending a written request to the Settlement Administrator, at the address above.  You may also access the full Settlement Agreement and certain court filings in this case on this website.

**21.     How may I get more information?**

You may contact the Settlement Administrator or Class Counsel.  Mailing addresses and phone numbers for each are listed below.

Settlement Administrator: American Legal Claims Services, LLC, P.O. Box XX, Jacksonville, FL 32241-3459, (888) XXX-XXXX.

Class Counsel: Luis A. Cabassa, Esq. and Brandon J. Hill, Esq., Wenzel Fenton Cabassa, P.A., 1110 N. Florida Ave., Suite 300, Tampa, Florida 33602, (813) 244-0431.