UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ASHLEY JOHNSON, individually
and on behalf of all others
similarly situated,

      Plaintiff,

v.                                                       CASE NO.:  1:21-cv-24339-FAM

McDONALD'S CORPORATION,

      Defendant.

_____/

PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS

Named Plaintiff and Class Representative, Ashley Johnson ("Class Representative"), in accordance with the Parties' class action settlement, files this Unopposed Motion for approval of Plaintiff's attorneys' fees and costs.[1]  In further support thereof, Plaintiff respectfully submits the following:

*Brief Summary*

On October 27, 2022, the Court granted Plaintiff's Unopposed Motion for Preliminary Approval of the Class-wide Settlement of the claims asserted against Defendant under 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4. (*See* Doc. 42.)  Notice was then mailed by the settlement administrator to 8,959 Class Members.  The reaction to the Settlement by Class a Members has been overwhelmingly positive.  No objections have been made and only one opt-out received. Considering the large size of the Class, coupled with the fact this is a "claims paid" settlement

---

[1] All defined terms contained herein shall have the same meaning as set forth in the Class Action Settlement and Release ("Settlement Agreement"), filed on September 22, 2022. (*See* Doc. 37-2, pp. 1-35).

(meaning all class members will automatically receive a check without having to file claims), and no funds revert to Defendant (instead they will be paid to *cy pres* recipient), the $156,782.50 settlement obtained by the undersigned from Defendant is an excellent outcome.

In sum, Class Counsel undertook this COBRA class action without guarantee of payment and, despite significant hurdles, achieved an excellent result on behalf of Plaintiff and the Class by securing a gross common fund totaling $156,782.50. In light of the result achieved, the risks undertaken by Class Counsel, and lack of any objections whatsoever, Class Counsel's request for attorneys' fees and costs in the amount of one-third of the Settlement Fund, equivalent to $52,260.83, plus an additional $4,336.45 in litigation costs, is reasonable and should be granted. Importantly, Defendant does <u>not</u> oppose this Motion.  A proposed Order is attached as Exhibit A. In further support of this Motion, Plaintiff respectfully submits the following:

## I.     BACKGROUND AND OVERVIEW OF MOTION.

### A.     Allegations Included in Named Plaintiffs' Complaint.

This is a putative class action brought by Named Plaintiff against Defendant under 29 C.F.R. § 2590.606–4(b)(4) *et seq*. and 29 U.S.C. § 1166(a).  The lawsuit generally alleges that Defendant provided Named Plaintiff and the Settlement Class Members with a deficient COBRA election notice ("COBRA Notice").  More specifically, Named Plaintiff asserts that Defendant's COBRA Notice did not adequately inform her how to exercise her rights to elect COBRA coverage because, the COBRA Notice allegedly: (i) failed to include an address indicating where COBRA payments should be mailed; (ii) failed to include a physical election form; and (iii) failed to identify the plan administrator. As a result of the alleged violations in the Complaint, Named Plaintiff sought statutory penalties, injunctive relief, attorneys' fees, and costs, on behalf of herself and a putative class of all others similarly-situated during the applicable statutory period.  The action was

brought on behalf of all participants and beneficiaries in the Plan who, in the four years preceding the filing of the Complaint through the present, received the COBRA Notice as a result of a qualifying event and who did not elect COBRA coverage.[2]

**B.** **Defendant's Defenses.**

Had mediation been unsuccessful, Defendant had available to it myriad defenses to Named Plaintiff's allegations, including arguments in a pending motion to dismiss.  Defendant denied, and continues to deny, that it violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 with regard to Named Plaintiff and/or any Settlement Class Member.  In fact, as part of the Agreement, Defendant specifically denies that it engaged in any wrongdoing, does not admit or concede any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been alleged against it in this case, denies that the claims asserted by Named Plaintiff are suitable for class treatment other than for settlement purposes, and Defendant denies that it has any liability whatsoever.  The Agreement and this Motion are not, and shall not, in any way be deemed to constitute an admission or evidence of any wrongdoing or liability on the part of Defendant, nor of any violation of any federal, state, or municipal statute, regulation, principle of common law or equity.  However, Defendant agreed to resolve this action through settlement because of the substantial expense of litigation, the length of time necessary to resolve the issues presented in this case, the inconveniences involved, and the potential for disruption to its business operations.

**C.** **Procedural History of Case.**

Named Plaintiff filed suit against Defendant on December 15, 2021, and, after Defendant filed a Motion to Dismiss, Named Plaintiff filed an Amended Complaint on February 18, 2022

---

[2] The definition of Settlement Class Members was modified at mediation, as explained further below.

Defendant filed a Motion to Dismiss the Amended Complaint on March 8, 2022.  Named Plaintiff responded, and Defendant filed a reply brief.

Both sides served extensive written discovery prior to engaging in settlement discussions. More specifically, Plaintiff served requests for production, interrogatories, and a Fed.R.Civ.P. 30(b)(6) notice on Defendant on March 31, 2022.  Defendant, in turn, served on Plaintiff requests for production, interrogatories, and requests for admission on April 13, 2022, and also sought to take Plaintiff's deposition.  Both sides provided written responses to the discovery requests, and also served document productions on each other that collectively included over 2,200 documents. Plaintiff's counsel deposed McDonald's corporate representative on June 1, 2022, and Defendant's counsel deposed Plaintiff on June 16, 2022.  After completing extensive discovery efforts, the Parties participated in mediation with Carlos J. Burruezo on July 12, 2022.

      **D.**     **Settlement Negotiations and Mediation.**

On July 12, 2022, the Parties participated in an all-day mediation with highly-respected class action mediator, Carlos J. Burruezo.  After extensive arm's length negotiations—between experienced counsel—a tentative deal was reached.  As a result of the agreement reached at mediation, the Parties agreed to enter into the Agreement, for which they now seek Court approval.

**II.**     **THE PROPOSED SETTLEMENT.**

      **A.**     **The Proposed Settlement Class.**

The class includes 8,959 individuals who meet the following proposed Settlement Class definition: "All participants and beneficiaries in the McDonald's Corporation Health Plan who, as a result of a qualifying event, received a COBRA Notice between December 15, 2017, and February 9, 2021, as determined by Defendant's records, and who did not elect COBRA."

**B.**     <u>**Benefits to the Settlement Class and Named Plaintiff**</u>.

The Agreement, if approved, will resolve all claims of Named Plaintiff and all Settlement Class Members in exchange for Defendant's agreement to pay $156,782.50 into the Settlement Account.  This is a "claims paid" non-reversionary settlement.  Every Settlement Class Member who does not timely opt out will receive a check for their respective Settlement Payment, without having to take any action, mailed to their last known address by the Settlement Administrator.

From the Settlement Account will be deducted amounts for the costs of settlement administration, Class Counsel's fees, and litigation costs, resulting in the "Net Settlement Proceeds," which will be allocated among the approximately 8,959 Settlement Class Members equally on a *pro rata* basis.  No funds revert to Defendant.  Any funds that are unclaimed (which shall only arise if/when a check is mailed but then not timely cashed) shall revert to a mutually agreeable *cy pres* recipient.  The Parties have selected Bay Area Legal Services, a 501(c)(3) non-profit legal aid organization, and will ask the Court to approve it as the *cy pres* recipient.

The Parties negotiated the proposed Settlement on a common fund basis, meaning that the Parties' settlement offers were inclusive of all attorneys' fees and costs, and administrative expenses.  The Parties did not negotiate attorneys' fees until after agreeing on all terms related to the size of the common settlement fund and the class definition.  The Named Plaintiff is not seeking compensation for her service to the Settlement Class Members.

**C.**     <u>**Administration of Notice of Settlement**</u>.

The Parties have agreed to utilize a private, third-party vendor, American Legal Claim Services, LLC, to administer the Settlement in this case, including but not limited to distribution of the Notice of Settlement.  The Parties have also agreed that all fees and expenses charged by the Settlement Administrator shall be paid from the Settlement Account.

If the Court grants final approval of the settlement, Defendant will transfer designated amounts to the Settlement Account within twenty-one (21) days of the effective date of the Agreement, as defined in the Agreement. Settlement checks will be mailed to all Settlement Class Members within fifteen (15) days after receipt by the Settlement Administrator of the Settlement Account monies. To the extent any money remains in the Settlement Account after these distributions and after Settlement Class Members have had one-hundred eighty (180) days to cash their settlement checks, such monies shall be transferred to the *cy pres* recipient identified above.

The Notice of Settlement in this case is modeled after notices to class members approved by other federal courts in cases involving deficient COBRA notices, including in *Rigney, et al. v. Target Corp.*, No. 8:19-cv-01432-MSS-JSS (M.D. Fla. July 14, 2020), ECF No. 49-4 and 49-4, 52; *see also Vazquez v. Marriott International, Inc.*, No. 8:17-cv-00116-MSS-MAP (M.D. Fla. Feb. 27, 2020) ECF No. 127.  For these reasons, the Notice of Settlement should be approved.

### D.      Attorneys' Fees and Costs.

Pursuant to the Agreement, Class Counsel is authorized to petition the Court for up to one-third of the Gross Settlement amount for attorneys' fees, plus costs limited to costs defined by Federal Rule of Civil Procedure 54, but limited to no more than $5,000 total.  Class Counsel was required to file a separate motion seeking approval for Class Counsel's fees and costs at least fourteen (14) days prior to the Settlement Class Members' deadline to opt out or object to the Settlement, which is January 15, 2023.  Thus, this Motion is timely.

Defendant does not oppose the amount of fees and costs sought by Class Counsel, as specified above.  Neither Settlement approval nor the size of the Gross Settlement amount are contingent upon Court approval of the full amount of Class Counsel's requested fees and costs.

E.     **Class Action Fairness Act Notice.**

Defendant has submitted the notices required by the Class Action Fairness Act of 2005

("CAFA") to the appropriate Federal and State officials.

F.     **The Court's Order granting Preliminary Approval of the Settlement.**

On October 27, 2022, the Court granted Plaintiff's Unopposed Motion for Preliminary

Approval of the Class-wide Settlement of the claims asserted against Defendant under 29 U.S.C.

§ 1166 and 29 C.F.R. § 2590.606-4. (*See* Doc. 42.) Following entry of that Order, and as further

explained by the attached sworn declaration from the Settlement Administrator, Notice was mailed

out to the approximately 8,000+ Settlement Class Members.

G.     **The Class Member's Reactions to the Settlement.**

The Settlement Claims Administrator, American Legal Claim Services, LLC ("ALCS"),

sent the short form Class Notice approved by the Court to each of the Settlement Class Members

on November 16, 2022, via first-class U.S. mail.  A total of 8,351 Class Notices were mailed to

members of the Settlement Class.  (*See* Declaration of Mark Unkefer from ALCS, ¶ 5) (hereinafter

"Unkefer Decl.").   Thus, the Settlement Class Members overwhelmingly accepted the Settlement.

According to the Settlement Administrator, 98.5% of the notices were deemed delivered.   of the

Settlement Class Members received the Class Notice.  (Unkefer Decl. ¶ 7.)   No Class Members

have objected to the settlement thus far.  (Unkefer Decl. ¶ 9.)   Additionally, to date only one

person has asked to be excluded.  (Unkefer Decl. ¶ 8.)

II.    **THE COURT SHOULD GRANT THE REQUESTED ATTORNEYS' FEES AND COSTS SOUGHT.**

A.     **The Requested Attorneys' Fees And Costs Are Reasonable And Should Be Awarded.**

In accordance with binding precedent from *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946

F.2d 768, 770 (11th Cir. 1991), the Eleventh Circuit and recent courts in this District have ruled

that the common fund should be valued at the amount available, not the amount claimed. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir. 1999) (affirming fee award of 33-1/3% of total amount made available to class, and determining that attorney's fees may be determined based on the total benefits available, even where the actual payments to the class following a claims process are lower); *Saccoccio v. JP Morgan Chase Bank, NA.,* 297 F.R.D. 683, 695 (S.D. Fla. 2014) ("The attorneys' fees in a class action can be determined based upon the total fund, not just the actual payout to the class."); *Pinto v. Princess Cruise Lines, Ltd.,* 513 F. Supp. 2d 1334, 1339 (S.D. Fla. 2007) (same); *In re Sunbeam Sec. Litig.,* 176 F. Supp. 2d 1323, 1333 (S.D. Fla. 2001) (same).

*Camden I* is the preeminent case and binding case in this Circuit dealing with the issue of attorneys' fees in common-fund class-action cases like this one. In that case, the Eleventh Circuit held that "the percentage of the fund approach [as opposed to the lodestar approach] is the better reasoned in a common fund case. Henceforth in this Circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." 946 F.2d at 774.

"There is no hard and fast rule mandating a certain percentage of a common fund which may be awarded as a fee because the amount of any fee must be determined upon the facts of each case." *Camden I*, 946 F.2d at 774. As a general proposition, "the majority of common fund fee awards fall between 20% to 30% of the fund," although "an upper limit of 50% of the fund may be stated as a general rule." *Id.* at 774–75. While the objectors in *Muransky* challenged the district court's decision to award class counsel one-third of the settlement fund as fees as being above the Eleventh Circuit's 25% benchmark, the court nonetheless affirmed the fee award under the well-accepted standards for evaluating fee awards, which Plaintiffs discuss below. *Muransky v. Godiva*

*Chocolatier, Inc.,* 905 F.3d 1200, 1205 (11th Cir. 2018), *opinion vacated and superseded*, 922 F.3d 1175 (11th Cir. 2019), *reh'g en banc granted, opinion vacated*, 939 F.3d 1278 (11th Cir. 2019) ("In *Camden I*, this Circuit called 25% of a common fund a benchmark attorney's fee award that 'may be adjusted in accordance with the individual circumstances of each case.'"). In the end, the Court has broad discretion to award attorneys' fees. *Id.* at *10.

Although the value recovered for the Class Members is significant, as discussed in *Hamilton v. SunTrust Mortgage, Inc*., any concerns as to the value of the claims actually paid when considering Class Counsel's request for attorney's fees and expenses are "contrary to the law in the Eleventh Circuit . . . ." 2014 WL 5419507, at *7 (S.D. Fla., Oct. 24, 2014). Rather, attorneys in a class action "are entitled to an attorney's fee based upon the total benefits obtained in or provided by a class settlement, regardless of the amounts eventually collected by the Class." *Id.* (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 676 (1980); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-96 (11th Cir. 1999)); *Saccoccio*, 297 F.R.D. 683, 695 ("The attorneys' fees in a class action can be determined based upon the total fund, not just the actual payout to the class."); *Casey v. Citibank*, NA., No. 12-cv-00820 (N.D.N.Y.) at (D.E. 223); *David v. Am. Suzuki Motor Corp.*, No. 08-CV-22278, 2010 WL 1628362 (S.D. Fla. Apr. 15, 2010) (treating settlement with ascertainable benefits as a common fund to which a percentage fee may be awarded, even if the fee is separately paid by the defendant).

Here, Plaintiff requests his Counsel be awarded $52,260.83 in attorneys' fees, one-third of the gross Settlement Fund.  Such a request is in keeping with the Eleventh Circuit's pronouncements above, as well as the well-recognized precept that percentage-of-the-fund fee awards should be calculated based on the entirety of the fund available for Settlement Class Members. *Camden I*, 946 F.2d at 774; *Carter v. Forjas Taurus, S.A.*, 701 F. App'x 759, 767 (11th

Cir. 2017) ("[N]o case has held that a district court must consider only the actual payout in determining attorneys' fees."); *Saccoccio*, 297 F.R.D. at 695; *Pinto*, 513 F. Supp. 2d at 1339 (S.D. Fla. 2007) (same); *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1333 (S.D. Fla. 2001) (same).

Just a few weeks ago, Southern District of Florida Judge Raag Singhal granted a nearly identical fee and award in a very similar COBRA class action case styled *Baja v. Costco Wholesale Corporation*, Case No.: 0:21-cv-61210-AHS (S.D. Fla. Dec. 19, 2022)(Doc. 56). Similarly, in *Valdivieso v. Cushman & Wakefield, Inc.,* Case No.: 8:17-cv-00118-SDM-JSS (M.D. Fla. Dec. 7, 2018) Judge Merryday from the Middle District of Florida granted a similar fee and award in a COBRA class action case styled *Valdivieso v. Cushman & Wakefield, Inc.,* Case No.: 8:17-cv-00118-SDM-JSS (M.D. Fla. Dec. 7, 2018). Likewise, Middle District of Florida Judge Jung granted a one-third common fund fee request in an equally similar COBRA class action case styled *Carnegie v. FirstFleet, Inc. of Tennessee, Inc.*, Case No.: 8:18-cv-01070-WFJ-CPT (M.D. Fla. June 21, 2019) (Doc. 63). Additionally, Judge Moody, also from the Middle District of Florida, approved a one-third common fund fee request in another very similar COBRA class action case styled *Hicks v. Lockheed Martin Corp, Inc.*, 8:19-cv-00261-JSM-TGW (M.D. Fla. Dec. 11, 2019) (granting Plaintiff's counsel one-third of gross common fund, plus costs, in COBRA case).

Similar awards have been obtained in other class action matters in which the undersigned have served as class counsel here in the Southern District of Florida, including in *Santiago, et al., v. University of Miami*, 1:20-cv-21784-DPG (S.D. Fla. April 7, 2022)(Doc. 66), in which the Court awarded the undersigned one-third of the common fund in an ERISA retirement plan class action case; *see also Moody, et al. v. Ascenda USA, Inc*., et al., 0:16-cv-60364-WPD (S.D. Fla., March 12, 2018)(Docs. 113, 114)(Court awarded attorneys' fees of 33 1/3% of common fund in FCRA class action case); *Hargrett v. Amazon.com, DEDC, LLC*, Case No.: 8:15-cv-02456-WFJ-AAS, in

which the Court awarded the undersigned 33 1/3% of a common fund in FCRA class action case. (M.D. Fla. Nov., 16, 2018 (Doc. 187); *Speer v. Whole Foods Market Group, Inc*., 8:14-cv-03035-RAL-TBM (M.D. Fla., October 9, 2015, Doc. 64) (same); *Patrick v. Interstate Mgmt. Co., LLC*, 8:15-cv-01252-VMC-AEP (M.D. Fla. April 29, 2016, Doc. 48) (same).

The same result should follow here. Indeed, the customary fee for counsel representing a plaintiff in an employment matter such as this depends on the experience and skill level of the involved attorneys. *See In re U.S. Bancorp. Litig*., 291 F.3d 1035 (8th Cir. 2002) (fee of 36% affirmed); *Waters*, 190 F.3d 1291 (affirming $13.3 million in attorneys' fees from $40 million settlement fund—33-1/3% of total recovery); *In re Combustion, Inc*., 968 F. Supp. 1116 (W.D. La. 1997) (awarding attorney fee of 36%); *In re Airline Ticket Comm'n Antitrust Litig*., 953 F. Supp. 280, 285–86 (D. Minn. 1997) (awarding one-third attorney fee); *In re Rite Aid Corp. Sec. Litig*., 146 F. Supp. 2d 706, 735 (E.D. Pa. 2001).  The same outcome should follow in this case.

Case law has clarified the factors to which a district court is to look in determining a reasonable percentage to award class-action counsel. These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and the length of the professional relationship with the client; (12) awards in similar cases. *Camden I*, 946 F.2d at 772, n.3 (citing factors from *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also Muransky*, 2018 WL 2018 WL 4762434, at *11 (affirming the use of these points). "Other pertinent factors are the time required to reach a

settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action." *Camden I*, 946 F.2d at 775. As a final note, the Eleventh Circuit "encouraged the lower courts to consider additional factors unique to the particular case." *Walco Invs., Inc. v. Thenen*, 975 F. Supp. 1468, 1472 (S.D. Fla. 1997).

As set forth below, application of the factors used by courts in the Eleventh Circuit when awarding fees from a common fund to the Settlement achieved in this case by Class Counsel, as well as those factors unique to this case, demonstrate that an award of fees totaling one-third of Settlement Fund is appropriate.

### 1.    Time and labor required.

As to the first *Johnson* factor, Class Counsel expended time conducting class action-research; drafting and filing the Complaint and First Amended Complaint; responding to Defendant's Motion to Dismiss and Motion to Stay Discovery; attending the case management and scheduling conference (along with drafting and filing the Joint Scheduling Report); drafting and serving class-wide discovery on Defendant, including requests for production, interrogatories, and a Fed.R.Civ.P. 30(b)(6) deposition notice, along with third-party discovery to Defendant's COBRA administrator; preparing for and deposing Defendant's corporate representative witness; preparing for and defending the deposition of Class Representative, Ashley Johnson; preparing for and attending mediation; drafting, editing, and finalizing the motion seeking preliminary approval of the class Settlement; reviewing and analyzing the proposed Settlement Agreement and supporting attachments, including the proposed class notification documents; responding to

inquiries from the class members after Class Notice was sent out; handling questions from the Settlement Administrator; and, of course, drafting this Motion.

Additionally, the Motion for Final Approval still must be drafted and heard, requiring significant preparation time. If the Court grants final approval of the Settlement, Class Counsel will continue to represent the Class and monitor the completion of the Settlement. Class Counsel will also defend the Settlement against appeals by objectors, if any, will oversee the Settlement to ensure that Class Members receive their Settlement benefits, and will continue to respond to inquiries from Class Members. Therefore, Class Counsel will have significantly more time in this matter to bring it to full and final resolution once the case is complete. For these reasons, and based upon the facts and authority cited herein, Class Counsel respectfully submits that this Court should find that the fees sought by Class Counsel in this action are reasonable and warranted.

### 2 / 3.   This case presented novel and difficult questions requiring a high level of skill to perform the legal services properly.

The second *Johnson* factor recognizes that attorneys should be appropriately compensated for accepting novel and difficult cases. *Johnson*, 488 F.2d at 718. The third *Johnson* factor is the "[t]he skill requisite to perform the legal service properly." *Johnson*, 488 F.2d 718. This third factor ties directly to the second *Johnson* factor and requires the Court to "closely observe the attorney's work product, his preparation, and general ability before the court." *Id.* Because the second and third *Johnson* factors are tied together, Plaintiff analyzes them together.

Courts in this Circuit recognize that class actions involving various legal theories are, by their nature, very difficult. *See Yates v. Mobile Cty. Personnel Bd.*, 719 F.2d 1530, 1535 (11th Cir. 1983) (noting that extremely complicated litigation requires thorough and detailed research of almost every question involved); *Behrens*, 118 F.R.D. at 547 (observing that the size of the class, the difficult theories of liability, and the always-troublesome problems associated with damages

demonstrated that the case was an awesome and complex matter masterfully handled by plaintiff's counsel); *R.C. by Ala. Disabilities Advocacy Program v. Nachman*, 992 F. Supp. 1328, 1334 (M.D. Ala. 1997).

Unlike other common employment law-related claims, such as suits brought under the Fair Labor Standards Act, there are relatively few COBRA class action cases. As a result, this case is novel and presented difficult questions of both fact and law. Accordingly, a small subset of the Bar handle these type of cases, evidenced by the relatively few number of COBRA class action cases filed (or pending). Class Counsel had the expertise to bring this case and the expertise to marshal it to a favorable outcome. Few lawyers have the skill and wherewithal to see this case through, against a sophisticated and well-funded Defendant and top-notch Defense Counsel, to achieve the results obtained here. This factor also weighs heavily in favor of the reasonableness of the requested fee.

The Eleventh Circuit recognizes skill as the "ultimate determinate of compensation level," as "reputation and experience are usually only proxies for skill." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1300 (11th Cir. 1990).  In *Norman*, the Eleventh Circuit listed several elements that district courts may consider in determining an attorney's skill. 836 F.2d at 1300. First, the court explained that skill may be measured by evaluating the degree of prudence and practicality exhibited by counsel at the beginning of the case. *Id*. Second, skill may manifest itself through arduous preparation and efficient organization, particularly if the case goes to trial. *Id.* Next, the court explained that an attorney who has a sharp command of trial practice and a sound understanding of the substantive law governing the case, such that his time may be spent exploring the finer points raised by the issues, should be compensated at a higher rate of pay than one who has to educate himself just to gain a general working knowledge of trial practice and law. *See id*.

14

at 1301. Finally, the court noted that persuasiveness is an attribute of legal skill and defines a good advocate as one who advances his client's position in a clear and compelling manner. *Id*. The Eleventh Circuit also explained that the complexity of the case at hand may indicate skill. *See Yates*, 719 F.2d at 1535. In evaluating the skill involved, the Court should also consider the quality of Class Counsel's opponent. *In re Sunbeam Sec. Litig.,* 176 F. Supp. 2d 1323, 1334 (S.D. Fla. 2001).

Applying these factors, Class Counsel have shown themselves to be highly skilled. The complexity of this innovative area of class action litigation, the genuine possibility of Defendant's success in having the case dismissed on standing grounds, the dearth of case law on COBRA class actions, the ability to achieve a favorable outcome despite Defendant's potentially dispositive motions to dismiss and highly skilled Defense counsel, and the complexity inherent with any class action, all demonstrate that Class Counsel are highly skilled practitioners. This weighs in favor of finding the fee sought of one-third of the common fund to be reasonable.

### 4.   Preclusion of other employment.

The fourth *Johnson* factor is "[t]he preclusion of other employment by the attorney due to acceptance of the case." *Johnson*, 488 F.2d at 718. This factor requires the dual consideration of otherwise available business which is foreclosed because of conflicts of interest arising from the representation, and the fact that once the employment is undertaken, the attorney is not free to use the time spent on the case for other purposes.

Here the hours required to prosecute this action limited the amount of time and resources that Class Counsel was available to devote to other matters over the period of this litigation. A significant amount of Counsel's time was devoted to this case during the time leading up to mediation. Thus, this factor also militates in favor of finding the Requested Fee reasonable.

5.      **Customary fee.**

The customary fee for counsel representing a plaintiff in an employment matter such as this depends on the experience and skill level of the involved attorneys. The fee sought by Plaintiff's Counsel is reasonable and customary in this area of law, as evidenced by the fact that, as set forth above, Southern District of Florida Judge Raag Singhal recently granted a nearly identical fee and award in a very similar COBRA class action case styled *Baja v. Costco Wholesale Corporation*, Case No.: 0:21-cv-61210-AHS (S.D. Fla. Dec. 19, 2022)(Doc. 56). Similarly, Judge Merryday from the Middle District of Florida granted a nearly identical fee and award in a very similar COBRA class action case styled *Valdivieso v. Cushman & Wakefield, Inc.,* Case No.: 8:17-cv-00118-SDM-JSS (M.D. Fla. Dec. 7, 2018). Likewise, Middle District of Florida Judge Jung granted a one-third common fund fee request in an equally similar COBRA class action case styled *Carnegie v. FirstFleet, Inc. of Tennessee, Inc.*, Case No.: 8:18-cv-01070-WFJ-CPT (M.D. Fla. June 21, 2019) (Doc. 63). Additionally, Judge Moody, also from the Middle District of Florida, approved a one-third common fund fee request in another very similar COBRA class action case styled *Hicks v. Lockheed Martin Corp, Inc*., 8:19-cv-00261-JSM-TGW (M.D. Fla. Dec. 11, 2019) (granting Plaintiff's counsel one-third of gross common fund, plus costs, in COBRA case).

Similar awards have been obtained in other class action matters in which the undersigned have served as class counsel here in the Southern District of Florida, including in *Santiago, et al., v. University of Miami*, 1:20-cv-21784-DPG (S.D. Fla. April 7, 2022)(Doc. 66), in which the Court awarded the undersigned one-third of the common fund in an ERISA retirement plan class action cases; *see also Moody, et al. v. Ascenda USA, Inc*., et al., 0:16-cv-60364-WPD (S.D. Fla., March 12, 2018)(Docs. 113, 114)(Court awarded attorneys' fees of 33 1/3% of common fund in FCRA class action case); *Hargrett v. Amazon.com, DEDC, LLC*, Case No.: 8:15-cv-02456-WFJ-AAS, in

which the Court awarded the undersigned 33 1/3% of a common fund in FCRA class action case. (M.D. Fla. Nov., 16, 2018 (Doc. 187); *Speer v. Whole Foods Market Group, Inc*., 8:14-cv-03035-RAL-TBM (M.D. Fla., October 9, 2015, Doc. 64) (same); *Patrick v. Interstate Mgmt. Co., LLC*, 8:15-cv-01252-VMC-AEP (M.D. Fla. April 29, 2016, Doc. 48) (same).  For these reasons, this factor also supports granting the requested fee.

### 6.     The case was taken on contingency.

The sixth *Johnson* factor concerns the type of fee arrangement (hourly or contingent) entered into by the attorney. *Johnson*, 488 F.2d at 718. "A contingency fee arrangement often justifies an increase in the award of attorneys' fees." *Behrens v. Wometco Enters*., 118 F.R.D. 534, 548 (S.D. Fla. 1988); *see also Hall v. Board of School Comm'rs*, 707 F.2d 464, 465 (11th Cir. 1983) (concluding that district court abused its discretion where it failed to award an enhancement of the amount of attorneys' fees where plaintiff's counsel was retained under a contingency fee agreement).

Class Counsel undertook significant financial risk in prosecuting this case because it was taken on a contingency basis with no guarantee of recovery. Plaintiff pursued difficult claims, against a well-funded Defendant. There were no assurances that Plaintiff would survive early motion practice, summary judgment, or trial, much less achieve a six-figure recovery for the class. Plaintiff's Counsel incurred significant fees in prosecuting this action and has received no compensation thus far. Moreover, there was a very real possibility that Plaintiff's Counsel would not recover anything for their work, should Defendant succeed at the pleading stages of litigation with a motion to dismiss, or later at summary judgment, trial or, later still, on appeal. For these reasons, this factor supports the approval of the requested amount of attorneys' fees. *Waters v.*

*Cook's Pest Control, Inc.*, No. 2:07-cv-00394-LSC, 2012 WL 2923542, at *17 (N.D. Ala. July 17, 2012).

> 7.      <u>**Time Limitations**</u>.

"Priority work that delays the lawyer's other legal work is entitled to some premium. This factor is particularly important when new counsel is called in to prosecute the appeal or handle other matters at a late stage in the proceedings." *Johnson*, 488 F.2d at 718. This case involved significant hours of work and demanded much of Plaintiff's Counsel's time. Thus, this factor also cuts in favor of finding the fee sought reasonable.

> 8.      <u>**Amount involved and the results obtained**</u>.

Class Counsel recovered a $156,782.50 settlement on behalf of the Settlement Class, all of which will be paid out and none of which will revert to Defendant. In doing so, Class Counsel effectively and quickly achieved a high-dollar Settlement that provides meaningful monetary relief for all Class Members, despite significant litigation risks which could have resulted in the Class achieving a significantly worse recovery, or even no recovery at all. Accordingly, given the excellent results achieved, this factor weighs heavily in favor of awarding the Requested Fee.

> 9.      <u>**Experience, Reputation, and Ability of the Attorneys**</u>.

Plaintiff's Counsel and prior experience is detailed in the Declaration attached to the Motion for Preliminary Approval (*see* Doc. 37-5, pp. 1-7), and attached hereto.  This case has, at all stages, been handled on both sides by very experienced lawyers whose reputations for effective handling of complex litigation are known throughout Florida, and the country. This factor also weighs in favor of awarding the Requested Fee.

10.     **Undesirability of the case.**

In the above sections Plaintiff highlighted the complexity and skill required to prosecute this action. The expense and time involved in prosecuting such litigation on a contingent basis, with no guarantee or high likelihood of recovery would make this case highly undesirable for many attorneys. Additionally, the Settlement is even more impressive when considering the risks of non-recovery in this case. COBRA cases are not "sure things" or "slam dunks." Unlike other employment law statutes, attorneys' fees are discretionary. Therefore, this factor, too, supports the requested amount of attorneys' fees.

11.     **Nature and length of the professional relationship with the client.**

Plaintiff's Counsel was not representing a long-term client in this matter. This factor is neutral.

12.     **Awards in similar cases.**

"The reasonableness of a fee may also be considered in light of awards made in similar litigation within and without the court's circuit." *Johnson*, 488 F.2d at 719. The monetary amount recovered by Class Counsel in this case is comparable and in line with the very few other COBRA class action settlements that exist. For example, as set forth above, Judge Merryday from the Middle District of Florida granted a nearly identical fee and award in a very similar COBRA class action case styled *Valdivieso v. Cushman & Wakefield, Inc.,* Case No.: 8:17-cv-00118-SDM-JSS (M.D. Fla. Dec. 7, 2018). Likewise, Middle District of Florida Judge Jung granted a one-third common fund fee request in an equally similar COBRA class action case styled *Carnegie v. FirstFleet, Inc. of Tennessee, Inc.*, Case No.: 8:18-cv-01070-WFJ-CPT (M.D. Fla. June 21, 2019) (Doc. 63). Additionally, Judge Moody, also from the Middle District of Florida, approved a one-third common fund fee request in another very similar COBRA class action case styled *Hicks v.*

19

*Lockheed Martin Corp., Inc.*, 8:19-cv-00261-JSM-TGW (M.D. Fla. Dec. 11, 2019) (granting Plaintiff's counsel one-third of gross common fund, plus costs, in COBRA case).

In sum, the amount of fees and costs sought here total one third of the Settlement common fund. One-third of a common fund is well in line with fees generally awarded in class action cases, and for settlements of this amount and, pursuant to the factors discussed above, should be deemed reasonable.

**B.** **Costs.**

Pursuant to the Parties' settlement agreement, Plaintiff is entitled to recover her costs. As set forth in the invoice attached to the undersigned's declaration, to date Class Counsel has incurred $4,336.45 in reimbursable litigation costs for the filing fee, process service fees, court reporter fees, and mediator fees. The undersigned attested to the accuracy and necessity of the costs sought herein in the attached supporting Declaration. In sum, the costs sought herein by Class Counsel are reasonable and should be awarded from the common fund.

***WHEREFORE***, Plaintiff respectfully moves this Court for an Order awarding his counsel attorneys' fees in the amount of one-third of the total Settlement Fund ($52,260.83), plus litigation costs totaling $4,336.45. A proposed Order is attached as Exhibit A.

Dated this 29th day of December, 2022.

Respectfully submitted,

/s/ *Brandon J. Hill*
**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431

Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com

*Class Counsel and Attorneys for Named Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document has been forwarded to counsel of record for all parties via the Court's CM/ECF filing system on this 29th day of December, 2022.

/s/ *Brandon J. Hill*
**BRANDON J. HILL**

21